UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JEFFREY JOSEPH,

                      Plaintiff,

v.

PETER J. MARCHE, et al.,

                      Defendants.

───────────────────────────────

Case # 17-CV-6509-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Jeffrey Joseph brings this civil rights action asserting claims under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that Defendants Hearing Officer Peter Marche and Special Housing Unit ("SHU") Director Donald Venettozzi violated his due process rights during a disciplinary proceeding that resulted in Plaintiff's 308-days SHU confinement and loss of good time credit. ECF No. 1.[1] Defendants now move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 11. For the reasons that follow, Defendants' motion is GRANTED.

## BACKGROUND

On December 12, 2014, Plaintiff was sent to the SHU for his alleged involvement in a yard fight and gang activity. He was issued two separate misbehavior reports and found guilty of all but a weapons charge at two hearings. ECF No. 1-1 at 2, 4, 6-7, 17-18. Plaintiff was penalized with 270 days SHU confinement and loss of packages, commissary, and phone for each

───────────────────────────────

[1] Plaintiff's Complaint alleges other claims that the Court previously dismissed. ECF No. 3.

1

misbehavior report, as well as 180 days loss of good time. *See id*. Plaintiff appealed each disposition and penalty. *Id*. at 17-18, 20-24.

On February 11, 2015, Venettozzi issued a reversal "based on the doctrine of *res judicata*, whereby evidence considered in this hearing was considered subsequent to a prior hearing on the same incident," and a re-hearing was ordered. *Id*. at 26-29. The same day, Plaintiff was re-issued his two misbehavior reports. *Id*. at 31-32.

On February 17, 2015, Marche commenced a rehearing on the now-consolidated misbehavior proceedings. On March 9, 2015, Marche found Plaintiff guilty of all but the weapons charge and imposed a penalty of 270 days SHU confinement, loss of packages, commissary, and phone, and 180 days loss of good time. *Id*. at 34-35. Plaintiff filed an appeal, which Venettozzi affirmed, and filed for reconsideration, which Venettozzi denied. *See id*. at 37-46, 48, 50-53, 55.

On August 4, 2015, Plaintiff commenced an Article 78 Proceeding in Wyoming County Supreme Court challenging the disciplinary ruling and sanctions. ECF No. 1 at 8. On April 21, 2016, Venettozzi *sua sponte* issued a review and administrative reversal of Plaintiff's March 9, 2015 disposition. ECF No. 1-1 at 57. Plaintiff's state court proceeding was later "dismissed as moot, as the agency ha[d] granted [Plaintiff] all the relief he could be awarded." *Id*. at 61.

Plaintiff was confined to the SHU from December 12, 2014 to October 15, 2015, a total of 308 days. ECF No. 1 at 9. Plaintiff alleges that Defendants' "sudden administrative reversal and expungement" was the direct result of his state court action and demonstrates their "deliberate indifference and complete failure to follow [Department of Corrections and Community Supervision ("DOCCS")] own rules and regulations." *Id*.

Defendants now move to dismiss Plaintiff's Complaint and argue that Plaintiff has not shown that his federal due process rights were violated at the disciplinary hearing. ECF No. 11-2.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court deciding a Rule 12(b)(6) motion to dismiss "must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The determination regarding "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Under this plausibility standard, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Although the factual allegations set forth in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id*. at 678. If a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The Second Circuit has recognized that "this plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008). But a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). For purposes of a motion to dismiss, a complaint is deemed to include "any written instrument attached to it as an exhibit or

any statements incorporated in it by reference." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

## **DISCUSSION**

To successfully state a § 1983 claim for the denial of due process at a disciplinary hearing, a plaintiff must show that he possessed a liberty interest and that he was deprived of that interest without being afforded sufficient process. *Thompson v. LaClair*, No. 08-CV-0037 FJS/DEP, 2009 WL 2762164, at *4 (N.D.N.Y. Aug. 25, 2009). Plaintiff's alleged 308-days SHU confinement following the disciplinary hearing constitutes a deprivation of a cognizable liberty interest sufficient to trigger the protections of the Fourteenth Amendment. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (to establish a liberty interest, a plaintiff must sufficiently demonstrate that 1) the State created a protected liberty interest in being free from segregation; and that 2) the segregation would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000) ("Confinement in normal SHU conditions for 305 days is in our judgment a sufficient departure from the ordinary incidents of prison life to require procedural due process protections under *Sandin*.").

"The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). Pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Due Process Clause requires that inmates appearing at a disciplinary hearing be given 24 hours written notice of the charges against them, the right to call witnesses and present documentary evidence, the aid of a staff member or inmate in presenting a defense, an impartial tribunal, and a written statement of the basis for the tribunal's decision.

Defendants argue that Plaintiff has not shown that his federal due process rights were violated at his disciplinary hearing. ECF No. 11-2 at 5. Defendants assert that Plaintiff had adequate notice of the hearing, an opportunity to call witnesses and present documentary evidence, and a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. *Id*. Defendants' motion includes a transcript of the disciplinary hearing. ECF No. 11-1.[2] Additionally, Defendants affirm that there was "some evidence of Plaintiff's guilt" presented at the disciplinary hearing sufficient to support the ruling. *Id*. at 6. Defendants claim that any other procedural errors are harmless and that they are entitled to qualified immunity. *Id*. at 8.

Plaintiff argues that his two misbehavior tickets were consolidated into one disciplinary hearing in violation of DOCCS's policy and procedure guidelines, he did not receive adequate notice of the charges against him or adequate pre-hearing assistance, and Marche wrongfully refused to call one of Plaintiff's witnesses. *See generally* ECF No. 21. In sum, Plaintiff asserts that he did not have a meaningful opportunity to defend himself at the disciplinary hearing in violation of his due process rights. *Id*.

**I.     Notice of Charges**

An accused inmate is entitled to meaningful advance written notice of the charges against him. *Wolff*, 418 U.S. at 564. This requirement is designed to help the inmate prepare an adequate

---

[2] A Court "may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment." *Falcon v. City Univ. of N.Y.*, 263 F. Supp. 3d 416, 424 (E.D.N.Y. 2017) (citation omitted). This includes hearing transcripts. *Id*. Moreover, when a court considers a Rule 12(b)(6) motion, it "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F. 3d 104, 111 (2d Cir. 2010) (citations omitted). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id*. (citation and quotation marks omitted). Plaintiff references the disciplinary hearing in his Complaint, urges the Court to "listen to Hearing Tapes," attaches several documents related to the hearing and proceedings to his Complaint (*see* ECF Nos. 1, 1-1), and does not dispute or object to the authenticity or accuracy of the hearing transcript in his response brief.

defense. *Id*. Plaintiff argues that he was not given proper notice of the disciplinary charges against him because Marche read into the record an "amended version" of the misbehavior report that included the names of the other alleged yard fight participants. ECF No. 21 at 7, 19, 20. Defendants argue that that this alleged discrepancy does not support Plaintiff's claim of inadequate notice. ECF No. 22 at 1-2. Indeed, at the disciplinary hearing, Marche explained that the difference between the two versions was procedural information for the hearing officer. ECF No. 11-1 at 69-71. Upon review of the two versions of the misbehavior reports, the Court finds that Plaintiff received constitutionally adequate notice of the disciplinary proceedings, including the date, time, and place of the alleged misbehavior or conduct at issue.

## II. Assistance in Preparing a Defense

Under *Wolff*, a prisoner is entitled to an "employee assistant" to aid in preparing for a disciplinary hearing when the inmate is illiterate, confined to the SHU, or unable to grasp the complexity of the issues involved. *Silva v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993). Plaintiff claims that did not receive adequate pre-hearing assistance, especially as to the misbehavior report dated December 14, 2014. ECF No. 21 at 5. Indeed, Plaintiff brought this issue to Marche's attention at the outset of the disciplinary hearing, and the hearing was adjourned so that Plaintiff could get additional pre-hearing assistance. ECF No. 11-1 at 44-45, 51-55, 61. Any failure to provide Plaintiff with adequate pre-hearing assistance was harmless in light of Marche adjourning the hearing from February 17 to February 19, 2015 to allow Plaintiff to prepare his defense. *Id*. at 39, 61. During that intervening period, Plaintiff was able to request documents relating to the charges against him to prepare a defense before any testimony was taken. *Id*. at 61-62.

Plaintiff states that he was not "provided the necessary documents requested to support the validity of the misbehavior report dated 12/14/14." ECF No. 21 at 5. To the extent that Plaintiff

6

complains he was not given certain documents, the record shows that the only documents not provided did not exist. *See* ECF No. 11-1 at 61-62; ECF No. 21 at 16. There is no indication that any documents were withheld from Plaintiff without justification or that Plaintiff was otherwise denied effective assistance in preparing his defense to the disciplinary charges.

### III.     Opportunity to Present Evidence

The due process clause of the Fourteenth Amendment guarantees an accused inmate's right to present a defense to disciplinary charges. *Wolff*, 418 U.S. at 555-56. To keep a disciplinary hearing to within reasonable limits, however, a hearing officer "must have the necessary discretion . . . to refuse to call witnesses that may create a risk of reprisal or undermine authority." *Id*. at 566. For example, an inmate's request to have specific witnesses called to testify may be refused if the hearing officer reasonably finds that such testimony would be duplicative, non-probative, or would interfere with correctional goals. *See Russell v. Selsky*, 35 F.3d 55, 58 (2d Cir. 1994). "[A] hearing officer does not violate due process by excluding irrelevant or unnecessary testimony." *Kalwasinski v. Morse*, 201 F.3d 103, 109 (2d Cir. 1999).

Plaintiff alleges that he was denied the opportunity to present a meaningful defense because Marche would not let Plaintiff to call Deputy Superintendent of Security Eckert as a witness. ECF No. 21 at 9-11. Plaintiff argues that Eckert would have substantiated his claim that the two misbehavior reports were improperly consolidated in violation of DOCCS's policy and guidelines. *Id*. In effect, Plaintiff wanted to challenge the validity of consolidating the hearing during the hearing itself. Because Eckert was not present during any of the events giving rise to Plaintiff's claims, Marche properly determined that his testimony would have been irrelevant. *Kalwasinski*, 210 F. 3d at 109.

**IV.     Basis for the Determination**

Marche verbally explained his rulings throughout the hearing and his ultimate findings, and he also gave Plaintiff a written explanation of the evidence relied upon in reaching his conclusion. ECF No. 11-1 at 143. To support his findings, Marche relied upon correctional officers' testimony that Plaintiff was involved in a fight, was seen making punching and slashing motions, did not stop fighting when ordered to do so, and had gang material in his cell. *Id*. Thus, there was sufficient reliable evidence on which to base a disciplinary decision related to the charges of violent conduct, creating a disturbance, assault on an inmate, fighting, refusing direct order, and gang activity.

**V.     Violations of State Law**

Plaintiff states that his Article 78 proceeding "apparently influenced" Venettozzi's decision to *sua sponte* reverse and expunge the March 9, 2015 disposition and should therefore be considered as evidence that "Plaintiff also suffered deprivation of a constitutional magnitude." ECF No. 21 at 13. To the extent that Plaintiff is arguing that Defendants' actions violated DOCCS's own policies, directives, or regulations, or otherwise violated state law, even if true, such a claim does not constitute a deprivation of Plaintiff's federal due process rights.

> It is well settled that "a § 1983 claim brought in federal court is not the appropriate forum to urge violations of prison regulations or state law." *Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2002). An alleged violation of a prison policy, directive, or regulation, in and of itself, does not give rise to a federal claim, because "[f]ederal constitutional standards rather than state law define the requirements of procedural due process." *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 (2d Cir. 1990); *see also Hyman v. Holder*, No. 96 Civ. 7748, 2001 WL 262665, at *6 (S.D.N.Y. Mar. 15, 2001) ("To the extent that [plaintiff] claims defendants failed to follow prison regulations, such as directives concerning the implementation of disturbance control plans . . . , these state law violations are not cognizable under § 1983."); *Doe v. Conn. Dep't of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990) ("[A] violation of state law neither gives [plaintiffs] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim."); *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985) ("[A] state employee's

failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983."); *Lopez v. Reynolds*, 998 F. Supp. 252, 259 (W.D.N.Y. 1997) ("A prison inmate does not have a viable § 1983 claim based solely on prison officials' failure to adhere to the requirements of prison regulations, directives or policy statements.").

*Holland v. City of New York*, 197 F. Supp. 3d 529, 548-49 (S.D.N.Y. 2016). Accordingly, Plaintiff had not sufficiently alleged that his federal due process rights were violated, and Defendants' Motion to Dismiss is GRANTED.

## **CONCLUSION**

Defendants' Motion to Dismiss (ECF No. 11) is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: March 13, 2019
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court